E-FILED
Tuesday, 13 December, 2011 02:38:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-30030 |
| | ) | |
| LELEN BONDS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Lelen Bonds' pro se Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 30, 32). Because Defendant was sentenced as a career offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motions are DISMISSED for lack of subject matter jurisdiction.

## FACTS

In June 2007, Defendant pleaded guilty to distributing cocaine base (crack) (21 U.S.C. §841(a)(1)). At the December 2007 sentencing

hearing, the Court sentenced Defendant as a career offender. See U.S.S.G. § 4B1.1(a), (b). After adjustments for acceptance of responsibility, Defendant's sentencing range was 188 to 235 months. (Had the career offender guidelines not applied, Defendant's sentencing range would have been 33 to 41 months' imprisonment.) The Court sentenced Defendant below the guideline range to 162 months' imprisonment.

On November 1, 2011, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 30). Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On November 14, 2011, Defendant filed an additional pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 32). That same day, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant. Hawley concluded Defendant was ineligible for a reduced sentence pursuant to

the retroactive amendment to the crack cocaine guideline because Defendant was sentenced as a career offender. On November 15, 2011, this Court granted Hawley leave to withdraw and granted Defendant additional time to supplement his motion or file a new motion for a reduced sentence.

On December 9, 2011, Defendant filed a supplement to his Motion (d/e 34). In the supplement, Defendant asserts that this Court has the discretion to reduce his sentence under 18 U.S.C. § 3582, <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005) (holding that the Sentencing Guidelines are advisory)) and <u>Kimbrough v. United States</u>, 552 U.S. 85, 110 (2007) (holding that a district court may consider the disparity created by the crack cocaine guidelines during sentencing)). Defendant seeks a full resentencing hearing.

## ANALYSIS

"District courts have limited power to revisit sentences once they are imposed." <u>United States v. Goode</u>, 342 F.3d 741, 743 (7th Cir. 2003); <u>see also</u> 18 U.S.C. § 3582(c) (providing that a court cannot

modify a term of imprisonment once it has been imposed except in certain circumstances provided therein).  Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence (1) where the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request.  United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, the Court lacks subject matter jurisdiction to consider Defendant's reduction request because the sentencing range on which his sentence was based–the career offender guideline–was not subsequently lowered by the Sentencing Commission.

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder

cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). The Act also ordered the United States Sentencing Commission to amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374.

The Sentencing Commission amended the Sentencing Guidelines by reducing the base offense levels for specific quantities of crack cocaine. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amendments apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack

cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D.Va. 2011).

In this case, however, Defendant's guideline range was based on the career offender guideline (U.S.S.G. § 4B1.1) and not the guideline range for crack cocaine offenses. Because Amendment 750 did not change the career offender guideline, Defendant does not qualify for a sentence reduction under § 3582(c)(2). See Forman, 553 F.3d at 589-90 (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2)); United States v. Guyton, 636 F.3d 316, 320 (7th Cir. 2011) ("a career offender whose imprisonment term falls below his career offender range only by virtue of a departure under Part 5H or Part 5K cannot receive a reduction under section 3582(c)(2) unless the Sentencing Commission retroactively amends the career offender guideline"), cert. denied,132 S. Ct. 132 (2011).

In his supplemental pleading, Defendant references Amendment

706 – an amendment which earlier reduced the base offense level in crack cocaine cases by two levels – but the analysis is the same.  Defendant is not entitled to a reduction because he was sentenced as a career offender.  Defendant also references Amendment 748, but that amendment was not given retroactive effect and was redesignated as Amendment 750.  See United States v. Bradford, 2011 WL 4954065, at *1 (5th Cir. 2011).

To the extent Defendant argues that this Court nonetheless has the discretion to reduce his sentence, this argument fails.  Unless Defendant can show that the Sentencing Commission lowered the sentencing range under which Defendant was sentenced, this Court lacks subject matter jurisdiction to consider the reduction request under §3582(c)(2).  Forman, 553 F.3d at 588.  Neither Booker nor Kimbrough give this Court authority to reduce Defendant's sentence.  See United States v. Kelly, 313 Fed.Appx. 899, 902, 2009 WL 667221, at *2 (7th Cir. 2009) (rejecting the argument that Booker and Kimbrough gave the district court discretion to reduce the defendant's sentence notwithstanding his

status as a career offender); United States v. Fort, 328 Fed.Appx. 341, 2009 WL 2018669, at *1 (7th Cir. 2009) (rejecting the defendant's argument that he was entitled to the benefit of Booker and Kimbrough; the revised guidelines did not affect his range and did not entitle him to a sentence reduction under § 3582(c)(2)); United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009) (rejecting the argument that it was contrary to Booker for a court to adhere to the limitations on retroactive sentencing relief set forth in U.S.S.G. §1B1.10).

## CONCLUSION

For the reasons stated, Defendant's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 30, 32) are DISMISSED for lack of subject matter jurisdiction.

ENTERED: December 13, 2011

FOR THE COURT:

                               s/ Sue E. Myerscough
                               SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE